UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CLAYBURN KYLE GRAY, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.:  7:13-CV-01977-RDP |
| } | |
| **MERSCORP, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on a Partial Motion to Dismiss (Doc. #5), filed by Defendants MERSCORP Holdings, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and OneWest Bank, FSB ("OneWest") on November 1, 2013.  The Motion (Doc. #5) is due to be granted.

This matter arises out of a Note and Mortgage executed in March 2007 by Plaintiffs Clayburn Kyle Gray and Carrie Ann Gray ("Plaintiffs") (Borrowers/Mortgagors), Defendant Quicken Loans, Inc. ("Quicken") (Lender), and Defendant MERS (Nominee/Mortgagee). (Doc. #1, Ex. 1 at ¶¶ 9-11).  Plaintiffs' resulting suit primarily consists of two allegations: (1) that Defendant Quicken wrongfully and deceptively caused Plaintiffs' entire ten-acre property to be encompassed by the mortgage (where Plaintiffs intended for the loan to be secured by only a portion of their property) (Doc. 1, Ex. 1 at ¶¶ 9-11, 19-22); and (2) that Defendant OneWest, to whom the mortgage was subsequently assigned by Defendant MERS, is incapable of foreclosing on the mortgaged property, due to "a separation of the note and mortgage in this cause." (Doc. 1, Ex. 1 at ¶¶ 30-33).

Originally initiated in the Circuit Court of Bibb County, Alabama on December 28, 2012, the case was removed to the United States District Court for the Northern District of Alabama upon Defendant Quicken's filing of a Notice of Removal (Doc. #1) on October 25, 2013, an action that was fully consented to by the other Defendants (Doc. #1, Ex. 5).  On November 1, 2013, Defendants MERSCORP, MERS, and OneWest filed a Partial Motion to Dismiss (Doc. #5), seeking dismissal of Count III of Plaintiffs' Amended Complaint (Doc. #1, Ex. 1 at ¶¶ 29-33).  Couched as an action for "Failure of Ownership of Note and Mortgage," Count III is rooted in the so-called "split the note" theory, asserting that "[i]t is common sense of law that only the owner of the note and mortgage as of the date the Complaint was filed is entitled to foreclose." (Doc. #1, Ex. 1 at ¶ 30).  The theory (and its lack of acceptance under Alabama law) is the focus of Defendants' Motion, which consequently argues that Plaintiffs fail to state a claim in Count III. (Doc. #5 at 3-6).

On November 5, 2013, the court issued a Show Cause Order (Doc. #7), asking Plaintiffs to show cause "why Count III of their Complaint should not be dismissed due to its apparent reliance on an unrecognized theory of law."  Plaintiffs have failed to respond to the court's order in any manner.

The court construes Plaintiffs' failure to respond to the court's Show Cause Order (Doc. #7) as a failure to prosecute their claim against Defendants.  As a result, the Motion to Dismiss (Doc. #5) is due to be granted and Defendants are entitled, at a minimum, to have Plaintiffs' claim dismissed without prejudice for this reason alone.[1]  However, the court need not further analyze whether the circumstances are present which warrant a dismissal with prejudice as a

---

[1] The court is indeed mindful that the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute, or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); Fed.R.Civ.P. 41(b)-(c).  Additionally, a district court has the "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1353.

sanction,[2] because Defendants are also entitled to have their motion granted on substantive grounds.

Indeed, the "split the note" theory has been roundly rejected by Alabama courts, rendering it ineffective and inapplicable in the present case. *See Coleman v. BAC Servicing*, 104 So. 3d 195, 205 (Ala. Civ. App. 2012) (noting that "Alabama law specifically contemplates that there can be a separation" of the note and mortgage); *see also Nelson v. Fed. National Mortgage Association*, 97 So. 3d 770, 775 (Ala. Civ. App. 2012) ("[Petitioners] argue that the power-of-sale provision in the mortgage instrument was unenforceable because the note and mortgage had been separated. This court has recently rejected that argument because it does not comport with Alabama law."); *Crum v. Lasalle Bank, N.A.*, 55 So. 3d 266 (Ala. Civ. App. 2009) (rejecting the notion that the assignee of a mortgage could not enforce the mortgage because the assignor was not also the holder of the promissory note); *Phillips v. Mortgage Electronic Registration Systems, Inc.*, 2013 WL 1498956 at *10 (N.D. Ala. 2013) ("The separation of the note and mortgage does not render either document void . . ."); *Levins v. Deutsche Bank Trust Company Americas*, 2013 WL 308999 at *3, n.5 (S.D. Ala. 2013) ("As for plaintiff's theory that MERS could not assign the interests that Levin granted it in the Mortgage unless MERS was also the holder or beneficiary of the Note and security deed, he identifies no authority in support of such a proposition. The Court is aware of contrary Alabama precedents."). Lacking any legal vitality, Plaintiffs' splitting theory is neither capable of establishing that Defendant MERS was without the power to assign its mortgage interest to Defendant OneWest, nor effective in showing that Defendant OneWest lacks standing to foreclose on the underlying mortgage. Accordingly,

---

[2] A dismissal with prejudice is "an extreme sanction . . . [to be] imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. V. M/V MONDA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted).

Count III of Plaintiffs' Amended Complaint fails to state a legally cognizable claim, and Defendants' Motion to Dismiss (Doc. #5) is due to be granted. A separate order consistent with this memorandum opinion will be entered.

    **DONE** and **ORDERED** this December 11, 2013.

                                                      **R. DAVID PROCTOR**
                                                      UNITED STATES DISTRICT JUDGE